UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------- X

TYLER COLE,

                                    Plaintiff,      **FIRST AMENDED**
                                                    **COMPLAINT**

                    -against-
                                                    14 CV 3172
THE CITY OF NEW YORK; P.O. QUINTO, TAX #
942394 and P.O. HOLLAND SHIELD #28745;
SGT BOWE SHIELD # 1720 and JOHN DOES # 1-            **JURY TRIAL DEMANDED**
5; the individual defendant(s) sued
individually and in their official
capacities,

                                    Defendants.

----------------------------------------- X

**PRELIMINARY STATEMENT**

        1.   This is a civil rights, common law, and tort

action in which plaintiff seeks relief for the violation of his

rights secured by the laws of the State of New York; New York

State Constitution; 42 U.S.C. §§ 1983 and 1988; and the Fourth,

Sixth, and Fourteenth Amendments to the United States

Constitution.  Plaintiff's claims arise from an incident that

arose on or about March 12, 2013.  During the incident, the City

of New York, and members of the New York City Police Department

("NYPD") subjected plaintiff to, among other things, unlawful

search and seizure, assault and battery, unreasonable force,

failure to intervene, and implementation and continuation of an

unlawful municipal policy, practice, and custom and respondeat

superior liability.  Plaintiff seeks compensatory and punitive

damages from the individual defendants, compensatory damages

from the municipal defendant, declaratory relief, an award of

costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.    Within 90 days of the incidents alleged in this complaint, plaintiff served upon defendant City of New York a Notice of Claim setting forth the name and post office address of plaintiff, the nature of the claim, the time when, the place where and the manner in which the claim arose and the items of damages or injuries claimed.

3.    More than 30 days have elapsed since plaintiff's demands and/or claims were presented to defendant City of New York for adjustment and/or payment thereof, and the defendant has neglected and/or refused to make any adjustment and/or payment.

4.    Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

5.    Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in New York County, and New York County is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

6.    Plaintiff Tyler Cole, is an African-American male, who is a resident of the State of New York, Kings County.

7.    At all times alleged herein, defendant City of New York was a municipal corporation organized under the laws of

the State of New York, which violated plaintiff's rights as described herein.

8.   At all times alleged herein, defendants P.O. Quinto, Tax ID # 942394, P.O. Holland, Shield # 28745 and Sgt. Bowe, Shield # 1720, and John Does # 1-5 were New York City Police Officers employed with Narcotics Borough Brooklyn North, Patrol Service Borough, and the 88th Precinct, located in Kings County, New York or other as yet unknown NYPD assignment, who violated plaintiff's rights as described herein.

9.   The individual defendants are sued in their individual and official capacities.

### STATEMENT OF FACTS

10.  On March 12, 2013, the time of the incident, plaintiff was 17 years old.

11.  At the time of the incident, plaintiff was a student at Blue Ridge Preparatory School, a boarding school in Dyke Virginia.

12.  Plaintiff attended Blue Ridge Preparatory School on a basketball scholarship.

13.  Plaintiff, is a member of the basketball, football and track teams, at the Blue Ridge Preparatory School.

14.  He is also a member of the New York Gaucho's Basketball Team.

15.  The New York Gaucho's Basketball Team is a member of the Amateur Athletic Union, an organization dedicated to the promotion and development of amateur sports.

16.   Plaintiff is a talented basketball player, whose skills will make him eligible for many college scholarships.

17.   On March 12, 2013, plaintiff was home in Brooklyn on spring break.

18.   On March 12, 2013 at and in the vicinity of 435 Grand Avenue, Brooklyn, New York, and the 88th Precinct, Brooklyn, New York, several police officers operating from the 88th Precinct, Narcotics Borough Brooklyn North, and Patrol Service Borough including upon information and belief, defendants P.O. Quinto, P.O. Holland and Sgt. Bowe and John Does # 1-5, at times acting in concert, and at times acting independently, committed the following illegal acts against plaintiff.

19.   On March 12, 2013, at approximately 7:00 p.m., at and in the vicinity of 435 Grand Avenue, Brooklyn, New York, defendants P.O. Long and John Does # 1-5, without either consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff (or any third person) had committed a crime unlawfully arrested plaintiff.

20.   Plaintiff was walking home, when on the intersection of Putnam and Grand Avenue, an armed man in plain clothes jumped out of a car and shouted at plaintiff: "Come here fucker!"

21.   Plaintiff was frightened and unsure of who the man was so he ran to his aunt's nearby house.

22.   The car followed him.

23.   Plaintiff was ringing his aunt's doorbell when the car approached and three men jumped out of the car.

24.   Two of the men had their guns drawn.

25.   The two men pointed their guns at plaintiff and yelled, "Freeze!"

26.   Terrified for his life plaintiff placed his hands in the air.

27.   The men were police officers.

28.   The defendant police officers tackled plaintiff to the ground, dragged him, and punched him in his ribs, neck and the back of the head.

29.   One of the plaintiff police officers stomped plaintiff's head into the concrete rendering him unconscious.

30.   When plaintiff regained consciousness, he was in handcuffs on the curb.

31.   The officers then asked him where the drugs were.

32.   One of the officers then told plaintiff "You going to run from a white person?"

33.   More police cars were called to the scene.

34.   The police searched the area for weapons and contraband.

35.   No weapons or contraband were found.

36.   When nothing was found one of the defendant officers, took his gun out of his holster, and said, "This is yours," while the other officers laughed.

37.   While handcuffed, the defendant police officers searched plaintiff without consent, a warrant or probable cause.

38.   Plaintiff was then placed in a police car and transported to the 88th precinct.

39.   Once in the 88th precinct, plaintiff was ordered to remove all of his clothes and strip-searched.

40.   During the strip-search the defendants asked plaintiff if he would be an informant, and help them find guns and drugs.

41.   After the strip-search plaintiff was placed in a holding cell.

42.   After he was placed in the holding cell the defendant police officers issued plaintiff a Desk Appearance Ticket.

43.   P.O. Quinto falsely and maliciously told the Kings County District Attorney's Office, through a desk appearance ticket, that plaintiff had committed disorderly conduct.

44.   On the desk appearance ticket P.O. Quinto falsely and maliciously wrote that the plaintiff stated in sum and substance "It is my fault, I shouldn't ran."

45.   On May 23, 2013, the ticket was dismissed for being legally insufficient.

46.   The individual defendants acted in concert committing the above-described illegal acts toward plaintiff.

6

47.  Plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above incidents.

48.  The defendants acted under pretense and color of state law and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights.

49.  As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

50.  Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiff's rights.

51.  Upon information and belief, the unlawful actions against plaintiff were also based on racial profiling.

**FIRST CLAIM**

**(FALSE ARREST UNDER FEDERAL LAW)**

52.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

7

53.   Defendants falsely arrested plaintiff without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

54.   Accordingly, defendants are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM

### (FALSE ARREST UNDER STATE LAW)

55.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

56.   Defendants falsely arrested plaintiff without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

57.   Accordingly, defendants are liable to plaintiff for false arrest under New York State law.

## THIRD CLAIM

### (UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW)

58.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

59.   Defendants unlawfully stopped and searched plaintiff without cause, a warrant, or consent.

60.   Accordingly, defendants are liable to plaintiff for unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## FOURTH CLAIM

### (UNLAWFUL SEARCH AND SEIZURE UNDER STATE LAW)

61. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

62. Defendants unlawfully stopped and searched plaintiff without cause, a warrant, or consent.

63. Accordingly, defendants are liable to plaintiff for unlawful search and seizure under New York State law.

## FIFTH CLAIM

### (UNREASONABLE FORCE)

64. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

65. The individual defendants' use of force upon plaintiffs was objectively unreasonable.

66. The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff, since plaintiff was unarmed, compliant, and did not resist arrest.

67. Those defendants who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

68. Accordingly, the defendants are liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## SIXTH CLAIM

### (ASSAULT)

69.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

70.   Among other things as described above, defendants' search and seizure, battery, false arrest, and excessive use of force against plaintiff placed him in fear of imminent harmful and offensive physical contacts.

71.   Accordingly, defendants are liable to plaintiff under New York State law for assault.

## SEVENTH CLAIM

### (BATTERY)

72.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

73.   Among other things as described above, defendants' search and seizure, false arrest, and excessive use of force against plaintiff were illegal physical contacts.

74.   Accordingly, defendants are liable to plaintiff under New York State law for battery.

## EIGHTH CLAIM

### (FAILURE TO INTERVENE)

75.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

76.   Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

77.  Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## NINTH CLAIM

### (MONELL CLAIM)

78.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

79.  Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

80.  Defendant City of New York through the NYPD and its officers, committed the following unconstitutional practices, customs and policies against plaintiff: (1) unlawfully stopping and searching innocent persons; (2) wrongfully arresting innocent persons in order to meet productivity goals; (3) wrongfully arresting individuals based on pretexts and profiling; (4) using unreasonable force on individuals; and (5) fabricating evidence against innocent persons.

81.  Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

82.  Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial

action.  The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them.  Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

83.  Further, defendant City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would stop, arrest and prosecute innocent individuals, based on pretexts and false evidence.

84.  The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct involving the individual defendants, placing the defendant City of New York on notice of the individual defendants' propensity to violate the rights of individuals.

85.  In addition to frequently violating the civil rights of countless residents of New York City, numerous members of the NYPD commit crimes.  Officers have been arrested and convicted of such crimes as planting evidence on suspects, falsifying police reports, perjury, corruption, theft, selling narcotics, smuggling firearms, robbery, fixing tickets, driving under the influence of alcohol, vehicular homicide, assault and domestic violence. In fact, former NYPD Commissioner Bernard Kerik was convicted of corruption-related crimes in federal and

state courts and served time in federal prison.  In 2011, Brooklyn South Narcotics Officer Jerry Bowens was convicted of murder and attempted murder in Supreme Court, Kings County, while under indictment for corruption and is presently serving a life sentence.  In 2011, Police Officer William Eiseman and his subordinate Police Officer Michael Carsey were convicted of felonies in Supreme Court, New York County, for lying under oath, filing false information to obtain search warrants and performing illegal searches of vehicles and apartments.  In 2012, New York City Police Officer Michael Pena was convicted in Supreme Court, New York County, of raping and sexually assaulting a woman at gunpoint and is presently serving a sentence of 75 years to life.

86.   The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

87.   The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

88.   The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

## TENTH CLAIM

### (RESPONDEAT SUPERIOR)

89.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

90.   The individual defendants were acting within the scope of their employment as New York City Police Officers when they committed the above described acts against plaintiff, including assaulting, and battering plaintiff.

91.   The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

**WHEREFORE,** plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.    Compensatory damages in an amount to be determined by a jury;

b.    Punitive damages in an amount to be determined by a jury;

c.    Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

d.    Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

```
DATED:     New York, New York
           October 13, 2014
```

ADAMS & COMMISSIONG LLP,
*Attorney for Plaintiff*
65 Broadway Suite 715
New York, New York 10006
212-430-6590
martin@amcmlaw.com
By:

_____
MARTIN E. ADAMS, ESQ.